**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DENNIS RAY LATNEY**                                                     **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 4:08CV111-TSL-LRA**

**SHERIFF TODD KEMP, ET AL**                                        **DEFENDANTS**

---

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court regarding Plaintiff's failure to appear at the omnibus hearing which was scheduled in this case on November 9, 2009, and Defendants' *ore tenus* motion to dismiss due to Plaintiff's failure to prosecute his case.

This case has been scheduled on three separate occasions for an omnibus hearing. The first setting was on April 15, 2009. Defense counsel showed up at the scheduled time, 9:00 a.m. Because Plaintiff did not arrive at that time, defense counsel was excused by the Court and left. Plaintiff later arrived on that date, and the hearing was rescheduled.

The case was then rescheduled on September 14, 2009. Again, defense counsel appeared at the scheduled time. Plaintiff called the undersigned's chambers and reported that he was stranded on the interstate and could not be in court. Defense counsel made an *ore tenus* motion to dismiss, stating that he had appeared two times on behalf of Defendants and at their expense,

having driven from Brookhaven. The undersigned reserved ruling on the motion.

The undersigned again rescheduled the omnibus hearing on November 9, 2009, at 9:00 a.m. On this third occasion, defense counsel again appeared on behalf of Defendants. When Plaintiff did not appear and did not call or otherwise contact the Court, Defendants again moved that the case be dismissed due to Plaintiff's failure to prosecute his claims.

Plaintiff was notified of this third hearing at the mailing address that he provided to the Court, being P. O. Box 44, Enterprise, MS 39330, and the notice was not returned as undeliverable.

Plaintiff filed this case, and it was his responsibility to prosecute his claims. His failure to attend the third scheduled hearing, or to contact the Court or defense counsel, has caused Defendant to incur additional attorneys' fees and costs. The Court was lenient with Plaintiff when he was late to the first hearing and had car trouble before the second hearing. However, Plaintiff has not contacted the Court by any method in over six months; he may have lost interest in prosecuting his claims after his release from prison. Plaintiff must be willing to comply with the rules of the Court and actively prosecute his case.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except … ---- operates as an adjudication on the merits.

(Emphasis added.)

Defendants made *ore tenus* motions to dismiss the case against them at all of the scheduled omnibus hearings. This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Plaintiff may have lost interest in pursuing this lawsuit after his release from incarceration, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants. The statute of limitations has not run on Plaintiff's claims, and the dismissal may be without prejudice.

For the above reasons, the undersigned recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). **Plaintiff shall file any**

4

**objections to this Report and Recommendation on or before June 3, 2010, or his case shall be dismissed without further notice.**

THIS the 17th day of May, 2010.

                                         S/ Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE